IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NATIONAL AIR CARGO GROUP, INC.,
d/b/a NATIONAL AIRLINES, a Florida
Corporation.

      Plaintiff,

CASE NO.:

v.

UPS WORLDWIDE FORWARDING, INC.,
a Delaware Corporation,

      Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, NATIONAL AIR CARGO GROUP, INC., d/b/a NATIONAL AIRLINE, ("NATIONAL" or "Plaintiff") by and through its undersigned counsel, hereby sues the Defendant UPS WORLDWIDE FORWARDING, INC., ("UPS" or "Defendant"), and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for possession and damages where the amount in controversy exceeds Seven-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest, costs, and attorney's fees.

2. At all times material hereto, NATIONAL is a Florida Corporation doing business in Palm Beach County, Florida.

3. At all times material hereto, Defendant, UPS was doing business in Palm Beach County, Florida.

4. Jurisdiction and venue are proper in the Southern District of Florida.

5. All conditions precedent to the filing of this action have been satisfied or are waived by UPS.

## COUNT I – BREACH OF CONTRACT

6. NATIONAL adopts and re-alleges paragraphs 1-5 as fully set forth herein.

7. NATIONAL is a premier air cargo supplier in the United States.

8. UPS is a world-wide organization which operates in two hundred twenty countries providing end user shipping services to millions of customers throughout the world.

9. UPS contracted with NATIONAL to provide air cargo services from time to time. The parties entered into an agreement for NATIONAL to provide cargo services to UPS. The contract was titled Cargo Aircraft Charter Agreement and is attached hereto as Exhibit "A".

10. Pursuant to Section 1.03(i), Attachment II governs the conduct between the parties such that the parties agreed that "in recognition that TIME IS OF THE ESSENCE in the performance of services contemplated herein, UPS and Airline agree, if Airline fails to fulfill its contract obligations or interrupts service, the guarantee may be reduced as outlined in Attachment II.

11. The parties amended Amendment II to be effective August 17, 2021. See attached Exhibit "B".

12. The term of the agreement was as per Amendment II which states:

B.  **Scheduled Aircraft**

The Aircraft to be chartered by Airline to UPS during the term of this Attachment II are as set forth in the chart below.

| Aircraft Number | Contracted Days | Aircraft Type | Aircraft to be in Service for UPS (Z Date) | Daily Prorated Hours | Guaranteed Aircraft Hours |
|---|---|---|---|---|---|
| 1 | 26 | 747-400F | November 29 to December 24 | 14 | 364 |
| 2 | 26 | 747-400F | November 29 to December 24 | 17 | 442 |
| | | | Total Guarantee Hours | | 806 |

13. Plaintiff did not guarantee any specific planes by any demarcation to complete the services requested by UPS pursuant to the agreement.

14. UPS guaranteed payment as follows:

C.  **Rates**

The rates and guarantees for each Aircraft are specified in the table below:

| Aircraft Number | Guaranteed Aircraft Hours | Rate per Block Hour | Block Hour Rate for Excess Hours over Fleet Total | Total Min. Guarantee for the Specified Period |
|---|---|---|---|---|
| 1 | 364 | $24,500 | $24,500 | $8,918,000 |
| 2 | 442 | $35,000 | $35,000 | $15,470,000 |
| | | Total Fleet Guarantee | | $24,388,000 |

15. With one plane, NATIONAL provided 364 block hours at the rate of $24,500/block hour between November 29, 2021 and December 24, 2021 for a total of $9,475,375.00, including federal excise tax of 6.5 per cent.

16. NATIONAL provided 85 hours with a second plane at the rate of $35,000/block hour between November 29, 2021 and December 3, 2021 for a total of $3,160,937.50. Due to

3

circumstances beyond NATIONAL's control, it was unable to fly the guaranteed number of hours for UPS.

17. On January 3, 2022 pursuant to the terms of the contract, NATIONAL submitted invoice UPS ACMI N702 and UPS ACMI N936, which were due and payable on February 2, 2022 See attached Exhibits "C" and "D". NATIONAL adjusted the invoices as per UPS's request in the amount of $725,200 via credit memo UPS ACMI N936 CM. See Exhibit "E".

18. Pursuant to the terms of the agreement, UPS had thirty (30) days to pay the invoices for the air cargo services rendered by NATIONAL.

19. To date, UPS has failed to pay the invoices and is in breach of the agreement.

20. UPS's sole remedies in the event NATIONAL failed to perform are identified in Amendment II, paragraph D which allowed UPS to 1) cancel the Agreement 2) reduce the Total Fleet Guarantee by a pro rata amount for the absence of an Aircraft for an entire day(s) or 3) reduce the amount of Total Fleet by the pro rata amount attributable to the delay.

21. Due to UPS's breach of the agreement by failing to pay the invoices due, NATIONAL has suffered damages in the amount of $11,850,597.50 plus interest from February 3, 2022, at the rate of 1.5% per month.

WHEREFORE, on the basis of the above and foregoing grounds, Plaintiff, NATIONAL, respectfully requests this Honorable Court to enter a judgment in the amount of $11, 850,597.50, plus interest from February 2, 2022 or any and all compensatory damages, interest, plus taxable costs available under law and such further relief this Court deems just and proper.

Dated this 21st day of October, 2022.

    Beighley, Myrick, Udell & Lynne, PA
    *Attorneys for Plaintiff*
    2601 S. Bayshore Drive
    Suite 770

        Miami, FL 33133
        305-349-3930 – Phone
        notice66@bmulaw.com

By:    */s/ Maury L. Udell*
        Maury L. Udell, Esq.
        mudell@bmulaw.com
        Fla. Bar No. 121673